UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREA CAIETTA,

        Plaintiff,

v.                                              Case No:   6:21-cv-219-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

---

ORDER[1]

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   UNOPPOSED MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)   (Doc. No. 43)
>
> **FILED:**     March 31, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.  *See* Doc. Nos. 25, 34–35.

**I.     BACKGROUND.**

Prior to filing the above-styled case, on January 27, 2021, Andrea F. Caietta ("Claimant") entered into a contingency fee agreement with Bradley K. Boyd, Esq., for the purpose of appealing the Commissioner of Social Security's ("the Commissioner") denial of Claimant's request for social security disability benefits. Doc. No. 43-6.   In the event that the Court remanded the case to the Commissioner for further proceedings and the Commissioner awarded Claimant and/or her family past-due benefits, then, under the agreement, Claimant agreed to pay Attorney Boyd a fee of twenty-five percent (25%) of the total amount of the past-due benefits ultimately awarded.  *Id.*

On February 2, 2021, Claimant filed a complaint alleging that the Commissioner had improperly denied her claims for disability and supplemental security income benefits.   Doc. No. 1.   After filing the complaint, Claimant passed away, and Claimant's father, Andrea Caietta, was substituted as the named Plaintiff on February 2, 2022.  Doc. No. 37.  *See also* Doc. No. 36.   The same day, the Commissioner filed an unopposed motion for remand of the matter for further administrative proceedings.   Doc. No. 38.   The Court granted the motion and reversed and remanded the matter to the Commissioner.   Doc. No. 39.   Judgment was entered accordingly on February 4, 2022.   Doc. No. 40.

Thereafter, Attorney Boyd filed a motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. No. 41. Attorney Boyd stated that he spent 25.12 hours on this case prior to remand. Doc. No. 41-1. On May 9, 2022, the Court granted the motion in relevant part, and awarded a total of $5,352.93 in attorney's fees under the EAJA. Doc. No. 42.

On remand, the Commissioner determined that Claimant was entitled to disability insurance benefits. Doc. No. 43-2.[2] The Commissioner awarded Claimant past-due benefits in the total amount of $50,598.00 and withheld $12,649.50 of those benefits (25%) to pay her attorney. *Id.* at 3. By the present motion, Attorney Boyd seeks authorization to collect $12,649.50 in attorney's fees under § 406(b). Doc. No. 43, at 4. He states that he will refund the $5,352.93 in EAJA fees as soon as he receives payment from the Social Security Administration. *Id.* at 5. The Commissioner does not oppose the motion. *Id.* at 12. Moreover, the named Plaintiff (Mr. Caietta) has no objection. *Id.* at 4. Accordingly, the matter is ripe for review.

---

[2] Given Claimant's death, and that there was no surviving spouse or minor/disabled children, Claimant was not eligible for Supplemental Security Income. *See* Doc. No. 43-4. However, 20 C.F.R. § 404.503(b)(3) authorizes receipt of disability insurance benefits to "the parent or parents of the deceased."

**II.    APPLICABLE LAW.**

Attorney Boyd seeks attorney's fees pursuant to § 406(b), which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).[3]   The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services rendered in connection with proceedings before a court any amount more than that allowed by the court. *Id*. § 406(b)(2).   Therefore, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006), the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district

---

[3] In *Culbertson v. Berryhill*, 139 S. Ct. 517 (2019), the United States Supreme Court determined that the twenty-five percent limit on the amount of fees to be awarded from past-due benefits applies only to fees for court representation, rather than to the aggregate of fees awarded for work at the administrative level pursuant to 42 U.S.C. § 406(a) and fees awarded for work in a court pursuant to 42 U.S.C. § 406(b).   In this decision, the Supreme Court reversed previous controlling law in this Circuit that required the court to consider § 406(a) fees and § 406(b) fees in the aggregate when calculating the twenty-five percent limit on the amount of fees that could be awarded from past-due benefits.   *See Dawson v. Finch*, 425 F.2d 1192 (5th Cir. 1970).   Accordingly, here, the Court has not considered any § 406(a) fees awarded at the administrative level.

- 4 -

court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Id.* at 1277. Accordingly, if the court remands a case to the Commissioner, the claimant's attorney is entitled to recover his attorneys' fees for the work he performed before the court under § 406(b) if, on remand, the Commissioner awards the claimant past-due benefits. *Id.*

An attorney cannot recover a fee for the same work under both the EAJA and § 406(b) — both of which compensate the attorney for the attorney's efforts before the district court. If the court awards an attorney fee pursuant to both provisions, then the attorney must refund to the claimant the amount of the smaller fee. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from the attorney's subsequent § 406(b) fee request. *See Jackson*, 601 F.3d at 1274.

The reasonableness of an attorney's fee under § 406(b) depends on whether the claimant agreed to pay the attorney an hourly rate or a contingency fee. In the case of a contingency fee, the best indicator of "reasonableness" is the percentage negotiated between the claimant and the attorney. *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). However, a court cannot rely solely on the existence of a contingency fee agreement. *See Gisbrecht*, 535 U.S. at 807-08. Rather, a court must review the contingency fee agreement as an independent check to assure that it

yields a reasonable result in each case. *Id*. In determining whether the amount sought is reasonable, the court may consider the following factors: (1) the character of the attorney's representation and the result achieved; (2) the number of hours spent representing the claimant and the attorney's normal billing rate; (3) the risk involved in taking claimant's case on a contingency basis; and (4) whether the attorney was responsible for delaying the proceedings. *See id*. at 808; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989); *McKee v. Comm'r of Soc. Sec.*, Case No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005) (noting that the hours spent, and billing rate does not control a court's determination of overall reasonableness). The attorney seeking fees under § 406(b) bears the burden of showing that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807 n.17; *McKee*, 2008 WL 4456453, at *5.

## III.   ANALYSIS

Attorney Boyd represented Claimant before this Court and, through his advocacy, achieved a reversal and remand of the Commissioner's final decision. Doc. Nos. 38–40. Ultimately, the Commissioner found that Claimant was disabled, and awarded a total of $50,598.00 in past-due benefits. Doc. No. 43-2. Attorney Boyd is therefore entitled to an award of attorneys' fees under § 406(b). *See Bergen*, 454 F.3d at 1271.

Attorney Boyd is entitled to recover up to twenty-five (25%) percent of the past-due benefits awarded, in the amount of $12,649.50.  *See* 42 U.S.C. § 406(b)(1)(A); Doc. No. 43-2.  This is the amount he seeks in the present motion.  Doc. No. 43, at 4.

The Court finds that the amount Attorney Boyd requests in § 406(b) fees is reasonable.  First, Claimant entered a contingency-fee agreement, in which she agreed to pay Attorney Boyd and his law firm a fee of twenty-five percent (25%) of the total amount of the past due benefits ultimately awarded.  Doc. Nos. 43-6.  This agreement militates in favor of finding that the requested amount is reasonable.  *See Wells*, 907 F.2d at 371.  Second, Attorney Boyd represents that he spent 25.12 hours litigating Claimant's case before this Court.  Doc. No. 43-7.  As a result of Attorney Boyd's advocacy, Claimant was awarded past-due benefits.  Doc. No. 43-2.  Third, there is no evidence that Attorney Boyd or his law firm caused any delays in this case.  Finally, Attorney Boyd undertook significant risk of non-payment by taking this case on a contingency basis after the Commissioner denied Claimant's request for disability benefits.  Considering the foregoing, and absent any objections from the Commissioner or the named Plaintiff, the Court finds the request for $12,649.50 in attorney's fees under § 406(b) is not a windfall and is reasonable under the circumstances of this case.

## IV. CONCLUSION.

Accordingly, it is **ORDERED** that:

1. The Unopposed Motion for Attorneys' Fees Under 42 U.S.C. § 406(b) (Doc. No. 43) is **GRANTED**.

2. Attorney Boyd is authorized to charge a total of $12,649.50 in § 406(b) fees and is **DIRECTED** to immediately refund the full amount of previously awarded EAJA fees ($5,352.93) to Andrea Caietta.

**DONE** and **ORDERED** in Orlando, Florida on April 3, 2023.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties